IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MARTINEZ, | Case No. 2:08-cv-02484-JAM-JFM |
| Plaintiff, | <u>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u> |
| v. | |
| PETCO ANIMAL SUPPLIES STORES, INC., dba PETCO; DONAHUE SCHRIBER REALTY GROUP, LP, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Tony Martinez's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.[1]  Defendant Donahue Schriber Reality Group, LP ("Donahue Schriber") opposes the

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

1

motion.  For the reasons set forth below, Plaintiff's motion is DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Tony Martinez is a person with disabilities who requires an electric wheelchair for mobility.  Pl's Mot., Doc. # 14, at 3.  After encountering a number of barriers to access at the the Petco Store and the property surrounding it located at 1917 Douglas Boulevard in Roseville, California, Plaintiff sought injunctive relief under the ADA and damages under the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq*.  Plaintiff has settled with Defendant Petco Animal Supplies Stores, Inc. dba Petco.  Plaintiff's remaining and only allegation against Defendant Donahue Schriber is that the accessible parking stalls in the parking lot of the Roseville Center lack accessible aisles.  Since Plaintiff initiated his lawsuit, Defendant Donahue Schriber has remedied the parking stalls in the parking lot of the Roseville Center in an effort to remove the barriers to access.  Doc # 16, Ex A-C.  Specifically, Defendant has restriped the parking lot so all accessible parking spaces have access isles.  Id.

In the instant motion, Plaintiff seeks an injunction under the ADA and Unruh Act and statutory minimum damages under the Unruh Act in the amount of $4,000.  Defendant Donahue Schriber argues its remedial efforts have rendered Plaintiff's ADA claim

2

for injunctive relief moot and therefore, the Court should decline to exercise jurisdiction over Plaintiff's state law claims. Def's Opp., Doc. # 16, at 2.

## II.  OPINION

A. <u>Legal Standard</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims and defenses." <u>Cleotex v. Catrett</u>, 477 U.S. 317, 323-324 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 447 U.S. 242, 248-49 (1986). If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (quoting Fed. R. Civ. P. 56(e) and citing <u>Celotex</u>, 477 U.S. at 323). The Court must view the facts and draw inferences in the manner most favorable to the non-moving

party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient: "There must be evidence on which the jury could reasonably find for [the non-moving party]." Anderson, 477 U.S. at 252.  This Court thus applies to either a defendant's or plaintiff's motion for summary judgment the same standard as for a motion for directed verdict, which is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id.

B.  A Genuine Issue of Material Fact Remains As To Whether The Parking Stalls Are Now In Compliance With ADA Standards

Plaintiffs are unable to demonstrate the absence of a genuine issue of material fact.  The one claim that Plaintiff has asserted against Donahue Schriber is that the parking stalls in the parking lot of the Roseville Center lack accessible aisles.  Defendant contends this deficiency has been remedied. Def's Opp. at 2.  In support of their argument, Donahue Schiber has submitted evidence of a contract with Jones Construction to restripe the accessible parking stalls and copies of photographs depicting the current parking stalls at the Roseville Center. Doc. # 16, Exh. A-C.  In addition, Defendant claims that all parking stalls have accessible aisles.  Def's Opp. at 2.

Defendant however, has failed to offer any measurement or declaration supporting that the actual size of the newly installed aisles are compliant with the ADA Accessibility Guidelines.  Defendant has failed to comply with their Rule 26 obligations, failed to respond to interrogatories, and failed to produce documentation under Rule 34.  In the absence of such disclosures this Court is unable to (1) declare this matter moot and (2) grant Plaintiff's motion for summary judgment.

The only remedy available under the ADA is injunctive relief which "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."  42 U.S.C. § 12188(a)(2).  Claims for injunctive relief are moot "if it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to occur."  <u>Friends of the Earth, Inc. v. Laidlaw Environmental Services</u>, 528 U.S. 167, 190.  "The burden of demonstrating mootness 'is a heavy one.'" <u>County of Lost Angeles v. Davis</u>, 440 U.S. 625, 631 (1979)(quoting <u>United States v. W.T. Grant Co.</u>, 345 U.S. 629, 632-33 (1953)).

Here, there remains a genuine issue of fact as to whether the parking stalls, as reconfigured in October 2008, are accessible parking stalls to the extent required by 42 U.S.C. §§ 12188, *et. seq*.  If, as Defendant Donahue Schriber argues, there

is not currently a violation of the ADA Accessibility Guidelines, then Plaintiff's ADA claim against Defendant is moot and this Court lacks jurisdiction.  At this juncture, the Court cannot declare this matter moot because Defendant has failed to offer any evidence that the remedied parking stalls are in compliance with the ADA Accessibility Guidelines.  Until Defendant complies with their Rule 26 obligations, answers interrogatories, and fully cooperates with Plaintiff's discovery requests and/or allows inspection of the parking stalls, this Court is unable to determine whether the matter is moot.  As such, it is not "absolutely clear" to the Court that the allegedly wrongful behavior will not reoccur.  See Friends of the Earth, Inc., 528 U.S. at 190.  Until Defendant proffers evidence of compliance with the ADA Accessibility Guidelines, this Court refuses to order this matter moot.

    Accordingly, there remains a genuine issue of material fact as to whether Donahue Schriber is currently in violation of the ADA.  This Court will not reach the Unruh Civil Rights Act claim for damages at this juncture because the same standards of liability apply under both Acts.  See Presta v. Peninsular Corridor Joint Powers Bd., 16 F. Supp. 2d 1143, 1135 (D. Cal. 1998).  The Unruh Act provides, in full, "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a

6

violation of this section." Cal. Civil Code § 51. Because Defendant has raised the question of whether this matter is moot, this Court declines to reach Plaintiff's state law damages claim. Accordingly, Plaintiff has failed to meet his initial burden of demonstrating the absence of a genuine issue of material fact and thus, Plaintiff's motion for summary judgment is DENIED.

As to Plaintiff's allegations that Defendant has not complied with previous discovery requests and disclosures under Rule 26, Plaintiff can obtain such discovery through the filing of a motion to compel as discovery is still open. The Court further strongly encourages the parties to cooperate with each other with respect to Plaintiff's need for a site inspection and informal request to obtain information from Defendant's contractors who performed the work in the parking lot at issue in this case. Such cooperation could, and should, lead to an out of court resolution of this case.

### III. ORDER

For the reasons set forth above, Plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:  October 2, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE